THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RANDALL THOMAS NAVES,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SPARKS et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 1:22-CV-46 JNP<br><br>District Judge Jill N. Parrish |

Plaintiff filed this *pro se* civil-rights suit, 42 U.S.C.S. § 1983 (2023), *in forma pauperis*, *see* 28 *id.* § 1915. The Complaint, (ECF No. 7), has now been screened under the Court's statutory review authority, 28 U.S.C.S. § 1915A (2023). Plaintiff names the following Davis County (DC) defendants: Sheriff Kelly Sparks, Deputies Hutchinson and Skeen, and Jane and John Does. ECF No. 7. Specifically, he asserts that Defendants denied Plaintiff's constitutional right to legal access. *Id.* Plaintiff's allegations do not adequately state any federal constitutional claims. Dismissal, therefore, appears appropriate, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915A(b)(1) (2023).

**ANALYSIS**

**I. Standard for Sufficiency of a Complaint**

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief.

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when

2

it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II. Plaintiff Fails to State a Legal Access Claim

It is true that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

Plaintiff's allegations fall short as to the requirement that he must allege the defendants' behavior "prejudiced" him in pursuing "a nonfrivolous claim" in a "habeas corpus or civil rights action[] regarding current confinement." *See Penrod*, 84 F.3d at 1403; *Carper*, 54 F.3d at 616. Plaintiff's relevant allegations are as follows. From November 1 to 17, 2021, Plaintiff was housed at DC Jail. ECF No. 7, at 3. During that time, he was deprived for a period of his legal paperwork, causing him to delay informing this court of his change-of-address in a different case. *Id.* at 4 (referring to *Naves v. Uintah Cnty. Jail*, No. 4:20-CV-115). When he did get back his legal materials, they were haphazardly arranged. *Id.* at 5-6. His return to Utah State Prison on November 17 necessitated him filing a second change-of-address. *Id.* at 6. His request to Defendant Sparks for names of the defendants in this case was not answered properly. *Id.* Plaintiff contends that these circumstances led to a seventeen-day delay in his notification to this Court of his location and ability to send information requests to several institutions. *Id.* at 7. Another alleged upshot of this is that a conditions-of-confinement case that "should have been filed in mid-December 2021 was submitted to the court in early February 2022." *Id.*

Plaintiff does not acknowledge crucial details fatal to his attempt to state a cause of action: He never even hints that he was prejudiced by this seventeen-day period during which he did not always have access to his legal materials. Indeed, a review of the Court's dockets reveals that the filing of Plaintiff's notice of change-of-address in Case No. 4:20-CV-115 on November 29, 2021 was uneventful. *Naves*, No. 4:20-CV-115-DN, ECF No. 35. Dismissal of that case, two months later, was completely unrelated to the timing of the filing of the change-of-address, and was instead based on Plaintiff's failure to state a claim upon which relief may be granted. *Id.* at ECF No. 36. The other case to which Plaintiff refers--filed in February 2022--appears to be *Naves v. Nielson*,

4

2:22-CV-131-DAK, though Plaintiff has not even suggested the alleged several-week delay in filing has prejudiced him in pursuing that ongoing litigation.

Again, to adequately state a legal-access claim under the Federal Constitution, Plaintiff must assert the interruption to possession of his legal materials prejudiced him in pursuing nonfrivolous claims related to his confinement. *See Penrod*, 84 F.3d at 1403; *Carper*, 54 F.3d at 616. He has not alleged such prejudice, nor does it appear that he validly could. The Court thus proposes to dismiss this action.

### III. Tangential Matters

Plaintiff also included the following statements and requests in his Complaint: (1) "It is not known whether [Plaintiff's legal] materials were read outside of the Plaintiff's presence." ECF No. 7, at 7. (2) "This complaint is clearly criminal as well as civil." *Id.* at 8. (3) "I am entitled to" $33.15 in reimbursement from Defendants for loss of personal items. *Id.* at 9.

These statements do not provide a basis for relief. First, lack of knowledge as to whether legal materials were read outside Plaintiff's presence does not support any cause of action. Second, a civil-rights case is not a vehicle for Plaintiff to seek the filing of criminal charges against other individuals. And, third, "a random and unauthorized deprivation of property under color of state law . . . does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy." *Frazier v. Flores*, 571 F. App'x 673, 675 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Plaintiff has not indicated the lack of an adequate state post-deprivation remedy. He has therefore failed to state a claim on any of these random topics.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff has thirty days in which to **SHOW CAUSE** why this action should not be dismissed because he has failed to state a claim upon which relief may be granted. The Court proposes to dismiss the Complaint with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2023), for failure to state a claim upon which relief may be granted. ECF No. 7. The Court believes that neither liberal interpretation of Plaintiff's claims nor further opportunity to amend would lead to a different result.

DATED July 25, 2023.

BY THE COURT:

_____
Jill N. Parrish
United States District Judge